Daniel, Judge,
after stating the case as above, proceeded as follows: As the party in possession of land is presumed to be the owner until the contrary appears, the claimant in ejectment must shew a good title in himself; he cannot found his claim upon the weakness of that of the defendant; for possession gives the defendant a right against every man who cannot establish a good title in himself against every body. The defendant, therefore, generally is permitted to shew a better title than the plaintiffs in a third person. But it has been decided in this State, that where both parties claim title under the same person, it is not competent to either, as suck *365 claimants, to deny that such person had title. Den ex dem. Ives v. Sawyer, Ante 51—Murphy v. Barnett, 1 Car. Law Repos. 105. In this case, both of the parties ed under Candler. The defendant, although not estopped to shew that he he had in himself a better title than plaintiff, as for instance that Candler had again acquired title before the date of the sheriff’s deed to him, or that title was always better than even that of Candler’s; still we think, according to the above authorities, he was precluded setting up any title in Blount. The admission in evidence of Blount’s grant, was therefore erroneous. We have decided at this term that the sheriff’s deed only for lands sold for taxes, was not evidence sufficient in law to deprive a man of the title to his lands. It must also be shewn that the taxes were due, to authorise the sheriff to sell the land and make a deed. There must be a new trial.
Thg Ives vs. .^Bar-i Car.
. Per Curiam. Judgment reversed.